NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5203-14T2

MELISSA KOLLAR,

 Petitioner-Appellant,

v.

BOARD OF EDUCATION OF THE TOWN
OF HARRISON, HUDSON COUNTY,

 Defendant-Respondent.
___________________________________

 Submitted January 18, 2017 – Decided July 17, 2017

 Before Judges Fisher and Ostrer.

 On appeal from the State Department of
 Education, Docket No. 94-5/13.

 Melissa Kollar, appellant pro se.

 The Murray Law Firm, LLC, attorneys for
 respondent Board of Education of the Town of
 Harrison, Hudson County (Karen A. Murray, of
 counsel and on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Commissioner of
 Education (Beth N. Shore, Deputy Attorney
 General, on the statement in lieu of brief).

PER CURIAM
 Petitioner Melissa Kollar appeals from the Commissioner of

Education's May 12, 2015 final decision dismissing her petition

that challenged the Town of Harrison Board of Education's

determination that she had not attained tenure as a school athletic

trainer.

 Petitioner worked as an athletic trainer for the Board since

2007, but did not obtain an athletic trainer's certificate until

2013, although it had been required as a condition of employment

as a school athletic trainer since 1999. See L. 1999, c. 87, §

4, now codified as N.J.S.A. 18A:26-2.4; see also N.J.A.C. 6A:9B-

14.17. Her contract was not renewed later that year and she

declined to re-apply for the position. Instead, she contended she

was entitled to tenure.

 Although petitioner failed to timely obtain the certificate,

she nonetheless satisfied the certificate requirement — she

possessed an athletic trainer's license from the New Jersey Board

of Medical Examiners (except for a brief period in 2009 when she

let her license lapse) and was a graduate of a four-year college.

See N.J.A.C. 6A:9B-14.17 (setting forth requirements for

certificate). She noted that the Board failed to require proof

of a certificate when it posted the job opening in 2007 or when

it hired her. However, in 2010 and thereafter, she certified to

the Board that she possessed an athletic trainer certificate, but

 2 A-5203-14T2
she had in mind a certificate she possessed from the National

Athletic Trainers Association. Although she did not actually

possess a State certificate, petitioner contended her years of

service when she was qualified for it should count towards the

prerequisite years of service for tenure.

 The Commissioner rejected this argument. In a cogent review

of the facts and law, the Commissioner determined that petitioner's

failure to obtain the statutorily required certificate was fatal

to her claim. That she was eligible for a certificate was of no

moment. The Commissioner relied upon the plain language of

N.J.S.A. 18A:28-4, which states that "[n]o teaching staff member

shall acquire tenure in any position in the public schools . . .

who is not the holder of an appropriate certificate for such

position, issued by the State Board of Examiners, in full force

and effect . . . ." Petitioner did not benefit from the grandfather

provisions of the 1999 law, see N.J.S.A. 18A:28-4(b), as she was

not employed as an athletic trainer in 1999. The Commissioner

also found inapplicable decisions that permitted tenure applicants

to "tack" time periods in which they held emergency certificates,

since petitioner possessed no certificate until 2013.

 Our standard of review of the Commissioner's decision is

limited. In re Proposed Quest Acad. Charter Sch. of Montclair

Founders Grp., 216 N.J. 370, 385 (2013). We "may reverse an agency

 3 A-5203-14T2
decision if it is arbitrary, capricious, or unreasonable," or it

clearly violates its mandate. Ibid. We defer to an agency's

"expertise and superior knowledge of a particular field."

Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992).

That is particularly true with respect to the Commissioner's

interpretation and enforcement of statutes and regulations

pertaining to the complex and specialized area of tenure. Nelson

v. Bd. of Educ., 148 N.J. 358, 364-65 (1997). Nonetheless, we are

"in no way bound by the agency's interpretation of a statute or

its determination of a strictly legal issue." Mayflower Sec. Co.

v. Bureau of Sec., 64 N.J. 85, 93 (1973).

 Applying that deferential standard of review, we affirm

substantially for the reasons set forth in the Commissioner's

decision. We are mindful that this may be viewed as a harsh

result, inasmuch as the Board apparently was no more aware than

petitioner was of the certificate requirement when it hired her.

Nonetheless, she failed to obtain a certificate during her years

of employment as an athletic trainer. The Board eventually became

aware of the certificate requirement and asked petitioner if she

had one. Although her affirmation that she possessed a certificate

may have been an innocent mistake, "the primary responsibility for

applying for and possession [of] appropriate certification rests

with the teacher . . . ." McAneny v. Bd. of Educ. of the Sch.

 4 A-5203-14T2
Dist. of the Chathams, 92 N.J.A.R.2d (Vol. 7) 208, 212 (Dep't of

Educ. 1991). The Commissioner has rejected claims to tenure in

other circumstances where the Board erred along with the employee:

 It is, of course, unfortunate that the
 petitioner was employed under such
 circumstances for so substantial a period of
 time, as the result of an apparent
 misunderstanding in which the Board and she
 appear equally culpable; however, the fact
 remains that she could not, as a matter of
 law, acquire tenure in a position for which
 she was not certified.

 [Nelson v. Bd. of Educ. of the City of
 Plainfield, 2008 N.J. AGEN LEXIS 1013 at *7
 (N.J. Adm. April 18, 2008).]

The Commissioner reached a similar decision here. We shall not

disturb it.

 Affirmed.

 5 A-5203-14T2